IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RENASANT BANK                                                    PLAINTIFF

v.                                              CIVIL ACTION NO.: 1:15-cv-00090-GHD-DAS

ST. PAUL MERCURY INSURANCE
COMPANY                                                          DEFENDANT

## MEMORANDUM OPINION DENYING DEFENDANT'S MOTION TO DISMISS

Presently before the Court is Defendant St. Paul Mercury Insurance Company's motion to dismiss or, alternatively, for a more definite statement [9] filed pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure. Upon due consideration, the Court finds that the motion is not well taken and should be denied, for the reasons set forth below.

*A. Factual and Procedural Background*

Plaintiff Renasant Bank ("Plaintiff") brings this breach-of-contract claim against Defendant St. Paul Mercury Insurance Company ("Defendant") to recover under a financial institution bond for damages arising out of the alleged dishonest or fraudulent activities of a former bank Vice-President of Construction Lending, Wendy Hurt ("Hurt"). According to Plaintiff's complaint, Hurt was a veteran loan officer for Defendant, having been involved in commercial and construction lending since 1990 and having joined Defendant in March of 1999. Also according to Plaintiff's complaint, Hurt approved, extended, administrated, and funded two large commercial real estate loan transactions with Renasant customers H.B.O. Holdings, LLC ("HBO"); Hackmeyer/Hyneman/Bourne, LLC ("HHB"); and/or their common principals, William R. Hyneman ("Hyneman") and Michael Bourne ("Bourne") (collectively, the "Loans").

1

Plaintiff alleges that Hurt was responsible for ensuring the Loans were properly underwritten in accordance with Plaintiff's policies and procedures and the commercial/construction lending industry, submitting the proposed loans to Plaintiff's loan committee, closing on the terms and conditions of committee approval, and funding the Loans only on the approved terms and conditions and in accordance with Plaintiff's policies and procedures.

Plaintiff alleges that Defendant issued Plaintiff a Financial Institution Bond ("Bond") to cover acts of employee fraud and dishonesty resulting in losses to Plaintiff. On July 24, 2009, Plaintiff maintains that it issued notice to Defendant for potential losses suffered in connection with Hurt's Loans. Plaintiff further maintains that Defendant acknowledged receipt of Plaintiff's notice on July 28, 2009, but ultimately denied Plaintiff's claim, despite Plaintiff's full cooperation and involvement in Defendant's investigation of Plaintiff's claim.

Plaintiff alleges, *inter alia*, that Hurt had a significant, sixteen-year banking and lending relationship with Hyneman, who "was a well-known real estate developer/investor at the time of the Loans and is now notorious for colluding to manipulate lending transactions in order to receive substantial profits on the front end instead of in the normal course and during the life of development projects." Pl.'s Compl. [1] ¶¶ 23–24. Plaintiff further alleges that Hurt worked in concert with Hyneman and Bourne so that Hyneman and Bourne could receive financial gain and Hurt could receive an improper financial benefit and/or intended improper financial benefit, including "gifts, entertainment, travel, and/or goods and services, all with the expressed or implied understanding that Hurt would in turn facilitate and administer extensions of credit for Hyneman[-]related projects that would ensure front[-]end profit for Hyneman and Bourne and continued business and improper financial benefits for Hurt." *Id.* ¶ 27. Plaintiff avers that when

Plaintiff's actions in connection with the Loans came to light, she left Plaintiff's employment and accepted employment with another financial institution, where she continued to extend credit to Hyneman, despite her knowledge of Hyneman's fraudulent dealings and Plaintiff's losses on the Loans.

On June 9, 2015, Defendant filed the present motion to dismiss [9] pursuant to Rules 12(b)(6) and 12(e). Plaintiff has filed a response, and Defendant has filed a reply. The matter is now ripe for review.

### B. Federal Rule of Civil Procedure 12(b)(6) Standard

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)).

"[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action

3

in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## C. Analysis and Discussion

In its motion to dismiss, Defendant contends that Plaintiff's case must be dismissed under Rule 12(b)(6), because Plaintiff has failed to plead the date of discovery of its claim which is required to sustain an employee dishonesty claim under a financial institution bond. Defendant maintains that the trigger for coverage under the Bond is discovery of a loss during the bond period, as indicated in the Bond itself which is attached to the complaint.[1]

Plaintiff argues in response that it alleges a timely sixty-day period within the Bond Period when it discovered the covered loss and has thus met its requirement with respect to discovery of the losses. Plaintiff maintains that its complaint unambiguously alleges that the loss was discovered during the bond period from September 6, 2008 to September 6, 2009, as indicated on the Bond, which is attached to the complaint. Plaintiff cites to its allegation that "[o]n July 24, 2009, in accordance with the terms of the Bond, [Plaintiff] provided timely notice to [Defendant] regarding two potential losses covered by the Bond arising from the dishonest or

---

[1] Because the Court sustains Plaintiff's complaint under Rule 12(b)(6), the Court need not address Defendant's alternative argument that Plaintiff should be required to amend its complaint to provide a more definite statement under Rule 12(e).

4

fraudulent activities of [Hurt]." *See* Pl.'s Resp. Opp'n to Def.'s Mot. Dismiss [19] at 2 (citing Pl.'s Compl. [1] ¶ 13). Plaintiff maintains that by alleging it provided timely notice to Defendant per the Bond terms, Plaintiff is alleging it discovered the loss within sixty days of July 24, 2009, "clearly within the Bond Period of September 6, 2008 to September 6, 2009. Thus, the complaint contains factual allegations to affirmatively answer [Defendant's] 'fundamental question . . . was the loss discovered during the Bond Period?' " *Id.* at 2–3. Plaintiff maintains that if Defendant believes that Plaintiff did not discover the loss during the Bond Period the proper course is to proceed with discovery on that issue.

The Bond, attached to Plaintiff's complaint, provides in pertinent part that it "applies to loss discovered by the Insured during the Bond Period." Bond [1-1] at 25. The Bond explains discovery as follows:

> Discovery occurs when a titled officer, a branch manager, a risk manager, or any director or trustee of the Insured first becomes aware of facts which would cause a reasonable person to assume that a loss of a type covered by this Bond has been or will be incurred, regardless of when the act or acts causing or contributing to such loss occurred, even though the exact amount or details of loss may not then be known.

*Id.* The Court finds that Plaintiff has sufficiently alleged in its complaint that the subject losses were discovered within the Bond period by the following: (a) alleging that the Bond had an effective date of September 6, 2008, *see* Pl.'s Compl. [1] ¶ 6; (b) attaching to its complaint a copy of the Bond, which provides by its clear terms that the Bond period is between September 6, 2008 and September 6, 2009, *see* Bond [1-1] at 5, 26 ("The Bond is to be effective at 12:01 A.M. on 09/06/2008 . . . . The term Bond Period as used in the Declarations shall mean the period of one year following the effective date and time of this Bond . . . ."); and (c) alleging that "[o]n July 24, 2009, . . . [Plaintiff] provided timely notice to [Defendant] regarding two potential

losses covered by the Bond arising from the dishonest or fraudulent activities of [Hurt] . . . .," *see* Pl.'s Compl. [1] ¶ 13. Although Defendant contends that a certain date of discovery must be spelled out in the complaint, no Mississippi cases cited by Defendant support this point, nor do the Rule 12(b)(6) pleading requirements. The Court notes that the complaint is not a model of clarity as to the date of discovery of the subject losses, but at the Rule 12(b)(6) stage, Plaintiff's allegations concerning discovery of the subject losses are sufficient.

*D. Conclusion*

In sum, Defendant's motion to dismiss [9] shall be DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 23rd day of July, 2015.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE