IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RENASANT BANK                                           PLAINTIFF

v.                                                  CIVIL ACTION NO.: 1:15-cv-00090-GHD-RP

ST. PAUL MERCURY INSURANCE
COMPANY                                           DEFENDANT

## MEMORANDUM OPINION DENYING PLAINTIFF'S OBJECTIONS TO AND APPEAL OF MAGISTRATE JUDGE'S ORDER

Presently before the Court in the case sub judice is Plaintiff Renasant Bank's objections [123] to and appeal of the Magistrate Judge's Order [117] granting Defendant St. Paul Mercury Insurance Company's motion for a protective order [93] and precluding discovery into the topics of inquiry listed in Plaintiff's notice of oral and videotaped depositions duces tecum [93]. Defendant has filed a response to Plaintiff's objections. The matter is ripe for review. *See* L. U. Civ. R. 72(a)(1)(A). Upon due consideration and for the following reasons, Plaintiff's objections [123] are overruled and the Magistrate Judge's Order [117] is affirmed in all respects.

*I.     Factual and Procedural Background*

On May 15, 2015, Plaintiff initiated this breach-of-contract claim against Defendant to recover under a financial institution bond for damages arising out of the alleged dishonest or fraudulent activities of a former bank Vice-President of Construction Lending, Wendy Hurt. On June 9, 2015, Defendant filed a motion to dismiss for failure to state a claim or alternatively for a more definite statement [9] that was subsequently denied by this Court in an Order [21] and memorandum opinion [22] dated July 23, 2015.

After engaging in some discovery, on May 11, 2016, Plaintiff filed a notice to take the deposition of Defendant's "Rule 30(b)(1)" representative [77, 94-1]. In the notice, Plaintiff

1

listed 13 topics to be explored in the deposition and requested that each witness bring to the deposition "documents and all testimony concerning the above topics on which the witness is being proffered." *See* Notice of Dep. [77, 94-1] at 6. Subsequently, on June 9, 2016, Defendant filed a motion for protective order and for expedited hearing [93] precluding examination into the topics of inquiry listed in the notice of deposition pursuant to the terms of the parties' pre-suit bifurcation agreement and Rules 26 and 30 of the Federal Rules of Civil Procedure. Following the parties' thorough briefing on the issue, the Magistrate Judge entered an Order [117] granting Defendant's motion for protective order [93] in all respects except for the request for expedited hearing. Plaintiff's present motion [123] to appeal the Magistrate Judge's Order followed.

## II.    *Standard of Review*

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." *See* 28 U.S.C. § 636(b)(1)(A)1; Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d). "A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.' " *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive

2

further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.' " *Moore*, 755 F.3d at 808 n.15 (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see also* Fed. R. Civ. P. 72(a).

### *III. Parties' Arguments*

Plaintiff argues that the Magistrate Judge's Order is clearly erroneous or contrary to law, because all topics in the notice of deposition are relevant and proportional to the needs of the case. Plaintiff maintains that it seeks information on whether the Bond is a statutory bond under Mississippi Code § 81-5-15 and that the information sought concerns the drafting history, interpretation, and construction of the Bond and is necessary to a determination on its case. Plaintiff further argues that the Order erroneously considered the notice of deposition as one falling under Rule 30(b)(6) when it actually was a Rule 30(b)(1) deposition subject to different legal and practical implications. Finally, Plaintiff argues in pertinent part that Defendant failed to meet its burden to show the necessity of a protective order under Rule 26(b)(2)(C)(i)–(iii) of the Federal Rules of Civil Procedure.

Among the numerous arguments presented in Defendant's response to the objections, Defendant maintains that the discovery sought by Plaintiff was "designed solely to harass [Defendant], is not proportional to the needs of this case[,] and seeks irrelevant information." Def.'s Resp. Opp'n to Pl.'s Objections [128] at 1. Defendant further argues that Plaintiff's attempts to characterize its notice of deposition under Rule 30(b)(1) are ineffective because discovery on Defendant's position and understanding on those topics evidences a Rule 30(b)(6)

3

deposition. *Id.* at 3. Defendant maintains that if Plaintiff wants Defendant's employees to testify from personal knowledge about Defendant's positions and understanding without binding Defendant, "the testimony is simply irrelevant." *Id.* Defendant further maintains that Plaintiff cannot raise objections concerning topics 11 through 13 since it did not raise any arguments concerning those particular topics earlier to the Magistrate Judge. Defendant argues that the extent of information sought by Plaintiff is not relevant to the breach-of-contract claim before the Court, even the issue of whether the bond is a statutory bond under the Mississippi Code; Defendant maintains that issue can be decided based on the four corners of the contract in question, that is, the Bond itself. Defendant further maintains that topics 12 and 13 of the notice of deposition, which seek information related to "the process of filing and/or using" financial institution bonds in Mississippi and "the processes by which any Mississippi governmental entity reviews, approves[,] and/or allows the use of financial institution bond/banker's blanket bonds in Mississippi" are overly broad and unduly burdensome. Finally, Defendant argues that the Magistrate Judge's Order precluding inquiry into topics 1 through 10 of the notice of deposition is correct under the law, as those topics seek information concerning the "history, development, drafting[,] and/or negotiation processes" of financial institution bonds or bankers blanket bonds dating back to 1980, and that such topics concern extrinsic evidence and are unduly burdensome and overly broad.

## IV. *Analysis and Discussion*

After carefully consideration of the parties' arguments, the Magistrate Judge's Order, and all pertinent legal authorities, the Court finds that the Magistrate Judge's Order is plausible and supportable by the record and is not clearly erroneous. Her Order provides a detailed and well reasoned analysis of the topics of inquiry listed in the notice of deposition and surmises based on

her analysis of the same that although the deposition is purportedly noticed pursuant to Rule 30(b)(1), "it is clear that this would-be deposition is a corporate deposition under [Rule] 30(b)(6)." Mag. Judge's Order [117] at 1. The Magistrate Judge correctly found that based on her analysis of the pre-suit bifurcation agreement signed by the parties, the information sought in the notice of deposition does not conflict with the terms of the bifurcation agreement because the desired discovery does not relate to extra-contractual damages. After setting forth the pertinent standards of law pertaining to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, the Magistrate Judge correctly found that only the four corners of the Bond should be considered in any analysis performed in the breach-of-contract action, because the parties have not challenged the Bond as ambiguous. The Magistrate Judge then correctly found that topics 1 through 10 in the notice of deposition concern improper extrinsic evidence not proportional to the needs of the case and further that Plaintiff failed to make the threshold showing necessary to sustain topics 11 through 13 by failing to even address Defendant's arguments concerning the same. Finally, finding that Defendant had demonstrated good cause for the protective order, the Magistrate Judge appropriately granted Defendant's motion for protective order and struck all topics listed in Plaintiff's notice of deposition. The Court finds that the Magistrate Judge's Order was not clearly erroneous and contrary to law and instead presents thorough, detailed, and sound reasoning of her decision to grant the motion for protective order.

THEREFORE, Plaintiff Renasant Bank's objections [123] to and appeal are OVERRULED, and the Magistrate Judge's Order [117] is AFFIRMED in its entirety.

A separate order in accordance with this opinion shall issue this day.

THIS, the 30 day of October, 2016.

/s/ Sha H. Davidson
SENIOR U.S. DISTRICT JUDGE